IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
OCT 09 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| ANDREW DAVID GOLIE,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 17–127–M–DLC–KLD<br><br><br><br>ORDER |

On July 19, 2019 United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations recommending that Andrew David Golie's Amended Petition (Doc. 6) for writ of habeas corpus be denied. (Doc. 12.) On August 12, the Findings and Recommendations were returned to the Court as incorrectly postmarked. (Doc. 15.) The Court resent the document, and then on August 26, Golie requested an extension of time to file his objections. (Doc. 16.) The Court granted Golie's request and gave him until September 30 to do so. (Doc. 17.) That date has come and gone. The Court will construe this matter as unobjected.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328

1

F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

Golie is a state pro se prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254. Golie challenges his 2012 conviction for felony witness tampering. As the facts underlying his offense and the procedural history of his case are recited in the Magistrate Judge's findings, they will not be restated here.

In his petition, Golie raises an ineffective assistance of counsel ("IAC") claim. This claim was considered by the state court and denied on the merits. Therefore, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. To warrant relief, Golie must demonstrate that the state court's denial was "contrary to or an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d). The clearly established federal law is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a claim for IAC requires a claimant to demonstrate that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Id.* at 687. This is a tall order. In order for Golie to obtain relief, he must show that the Montana Supreme Court's decision that counsel's performance was not deficient or that Golie was not prejudiced by

2

any allegedly deficient performance was contrary to or an unreasonable application of *Strickland*.

Judge Lynch determined that each of Golie's five claims did not survive AEDPA deference. Turning to the first one, Judge Lynch determined that Golie could not show that his counsel was deficient in failing to raise an objection to the mental state instruction offered at trial because the instruction referenced a matter of state law and the Montana Supreme Court determined that the instruction was proper. If the instruction was proper, counsel could not have been deficient in failing to object. Therefore, Judge Lynch correctly determined that Golie's claim fails AEDPA deference.

Next, Judge Lynch determined that counsel was not deficient in failing to object to the gang-related references at trial when Golie himself opened the door to such testimony and counsel made a tactical decision to directly confront the issue and allow Golie to explain himself. Because tactical decisions by counsel are accorded a high degree of deference, *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003), Judge Lynch was correct that Golie did not meet his burden.

Judge Lynch then determined that Golie failed to demonstrate that counsel erred by not objecting to Detective Murphy's improper bolstering testimony in light of counsel's affidavit that this was also a tactical decision. Counsel clarified that she allowed the detective to continue because she believed that the longer he

3

spoke, the more credibility he lost with the jury, which was good for Golie's defense. This is a reasonable explanation and there is no clear error in Judge Lynch's assessment that this claim fails.

Turning to Golie's next claim, there is also no clear error in Judge Lynch's assessment that Golie could not show a constitutional error in counsel's accidental reference to a prior conviction. Once the reference slipped from counsel's tongue, she made the tactical decision to question Golie on the matter so that the jury would know that his prior conviction was only a misdemeanor traffic offense. The Montana Supreme Court determined that Golie failed to show any prejudice from this information coming to light. Given the high standard necessary to show prejudice, there is no clear error in Judge Lynch's assessment that Golie did not met his burden under AEDPA.

Finally, there is no clear error in Judge Lynch's determination that, having failed to allege a single constitutional violation, there is no cumulative error in this case.

Additionally, finding no close calls, the Court will adopt the recommendation to deny a certificate of appealability.

Having reviewed each of Judge Lynch's determinations in this matter, the Court will adopt the findings and recommendations in full.

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 12) is ADOPTED in full.

1. Golie's Amended Petition (Doc. 6) is DENIED.

2. The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 9th day of October, 2019.

Dana L. Christensen, Chief Judge
United States District Court